ANTON SPIEHLER, Appellant, *v.* LEOPOLD N. ASIEL, Respondent.

*Application for judgment in New York, where the venue is in Westchester county —
it may be made by consent — application to vacate an irregular judgment — terms
imposed — submission of a case for summary determination.*

Where the venue of an action triable in the Supreme Court is laid in the county
of Westchester, an application for judgment therein cannot be properly made
in the county of New York except by the consent of the parties ; such consent
is, however, given by the submission of such application without objection.

Although no consent has been given, the granting of such application, so made,
is a mere irregularity, and does not render the judgment void.

It is the duty of the party who deems himself aggrieved by an irregular judg-
ment to take proceedings to set it aside; he cannot disregard it.

After issue has been joined in an action, the orderly way of procedure is to bring
the cause on for trial, but, by the consent of the parties, the case may be sub-
mitted for summary determination upon the pleadings and a stipulation.

If a person against whom an irregular judgment was rendered, instead of
promptly applying for relief therefrom, contumaciously resists the same, terms
should be imposed upon his subsequent application to vacate such judgment,
as a condition for the relief sought.

Where a judgment in an action was granted under a misapprehension that the
parties had consented to the granting thereof, such judgment should be vacated
upon the application of the party aggrieved, although it was such a judgment
as might have been properly rendered in the action.

APPEAL by the plaintiff, Anton Spiehler, from an order of the
Supreme Court, made at the Westchester Special Term and entered
in the office of the clerk of the county of Westchester on the 5th
day of June, 1894, denying the plaintiff's motion to vacate and set
aside a certain decree, and also from an order of the Supreme
Court, made at the Kings County Special Term on the 5th day of
June, 1894, adjudging the plaintiff to be in contempt.

*G. A. Clement*, for the appellant.

*F. R. Minrath*, for the respondent.

CULLEN, J.:

These are appeals from two orders of the Special Term, one
adjudging the plaintiff guilty of contempt in failing to comply with
a decree of specific performance ; the other from an order denying a
motion subsequently made by the plaintiff to set aside said decree.

The motion to punish for contempt was heard and decided before the motion to vacate the decree. The order adjudging the plaintiff in contempt was properly made. The motion on the pleadings was heard and the judgment rendered at a term of the court held in the county of New York. The venue of this action was laid in Westchester county. The application for judgment could, therefore, not be properly made in the county of New York, except by consent. But such consent was in fact given by the submission of the application without objection. Even if consent had not been given it was a mere irregularity and did not render the judgment void. It was the duty of the plaintiff if aggrieved to seek to set the judgment aside; he could not disregard it.

The motion to vacate the judgment should have been granted. The complaint alleged defendant's default and prayed for a specific performance of a contract for an exchange of lands. The answer denied the defendant's default, alleged that the title of the plaintiff to his property was defective and prayed for specific performance, or in lieu thereof damages. After the action had been pending for some time the defendant tendered a stipulation withdrawing his objections to plaintiff's title and noticed a motion for judgment on the pleadings and stipulation. The motion was submitted to the court and the decree granted. This decree ordered the plaintiff to perform the contract, convey his property and pay certain moneys for rents, and also ordered the defendant to convey his property to the plaintiff. After issue had been joined the orderly way would have been to bring the cause on for trial. We think, however, that the cause might have been submitted by the consent of the parties for summary determination on the pleadings and stipulation. But the judgment was evidently granted under a misapprehension. It was granted on the recital in the decree of the consent of the parties. It is not now questioned that the consent extended only to the submission of the application, not to the granting of the judgment. There has been, therefore, no judicial determination of the rights of the parties, and the decree granted by error should not stand even though it be such as could properly be rendered. The plaintiff instead of promptly applying for relief from the judgment, contumaciously resisted it, and terms should now be imposed as a condition for the relief sought.

The order denying motion to vacate judgment should be reversed and judgment vacated on plaintiff paying within ten days the costs of both motions at Special Term and the costs and disbursements of both appeals therefrom, and, on failure to comply with such conditions, the orders appealed from should be affirmed, with ten dollars costs on each appeal and disbursements.

BROWN, P. J., and DYKMAN, J., concurred.